**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | |
|---|---|
| **FERENC K. CSABAI,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | |
| ) | **CCB-11-CV-0316** |
| **MARTEK BIOSCIENCES CORP.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR THE ENTRY OF SUMMARY JUDGMENT

Mark D. Gately (Bar #00134)
Scott R. Haiber (Bar #25947)
Andrea W. Trento (Bar #28816)
HOGAN LOVELLS US LLP
Harbor East
100 International Drive
Baltimore, MD  21202
Phone: (410) 659-2700
Facsimile: (410) 659-2701
Email: mdgately@hhlaw.com

*Attorneys for Defendants Martek Biosciences Corp., Henry Linsert, Jr., Peter L. Buzy, Steve Dubin, Robert J. Flanagan, and DSM North America*

Defendants Martek Biosciences Corp. ("Martek"), Henry Linsert, Jr., Peter L. Buzy, Steve Dubin, Robert J. Flanagan, and DSM North America respectfully submit this Reply Memorandum in support of their Motion to Dismiss or, in the Alternative, for the Entry of Summary Judgment (the "Motion").[1]

## I.   INTRODUCTION

Plaintiffs' opposition confirms that their seventh and most recent Complaint should be their last. Rather than meaningfully address the arguments raised in Defendants' Opening Memorandum,[2] Plaintiffs have submitted yet another version of their rambling and incoherent manifesto to the Court – one that, critically, *fails* to contest Defendants' arguments that their claims are barred by *res judicata*, that they have not pled the elements of securities fraud, and that there is no legal basis for DSM's inclusion as a defendant in this case. Moreover, the only argument Plaintiffs even purport to grapple with – that their claims are barred by the statute of limitations – is similarly fatal to Plaintiffs' claims, not least because Plaintiffs *concede* that their claims are "centered" on alleged misstatements spanning "from the last quarter of 2002 to the first quarter of 2005"[3] that fall well outside of the applicable five-year statute of repose.

Plaintiffs claim that "this case needs it[]s day in court,"[4] but that is exactly what it has had – six times over. Both this Court and the Fourth Circuit have heard and ruled on

---

[1] Although Plaintiffs' response to Defendants' Motion is styled as a "motion to deny," *see* Mot. to Deney [sic] Defts.' Mot. to Dismiss and to Deny Defts.' Alternative Mot. for Summ. J. [Dkt No. 10], Defendants will treat Plaintiffs' response as an opposition and, accordingly, submit this reply in support of their Motion. Defendants would be pleased to make any additional submission should the Court request or require it.

[2] *See* Mem. of Law in Support of Defts.' Mot. to Dismiss or, in the Alternative, for the Entry of Summ. J. [Dkt No. 8-1].

[3] Opp. 4.

[4] *Id.* at 35.

substantially identical claims submitted by these same Plaintiffs. Plaintiffs' Complaint should be dismissed with prejudice or, in the alternative, disposed of on summary judgment once again.

## II. ARGUMENT

### A. Plaintiffs' Failure to Contest Arguments Raised in Defendants' Opening Memorandum Requires Dismissal.

As set forth in Defendants' Opening Memorandum, Plaintiffs' claims should be dismissed, in whole or in part, on principles of *res judicata*,[5] on the grounds that Plaintiffs have yet again failed to plead the elements of securities fraud,[6] and on the grounds that there can be no private claim for aiding and abetting Martek's alleged securities fraud against DSM.[7] Together, these arguments are sufficient to provide bases for dismissal of *all* of Plaintiffs' claims against *all* Defendants. And yet Plaintiffs in their Opposition offer not a single syllable in response to them. This failure is fatal to their claims.

It is well-settled "that a party who fails to address an issue has conceded th[at] issue."[8] This general principle should apply here, particularly given the ample opportunity Plaintiffs have now had to craft a cognizable set of claims under the securities laws. For this reason, for the reasons set forth in Defendants' Opening Memorandum, and, more importantly, for the reasons articulated in this Court's prior rulings,[9] Plaintiffs' claims should be dismissed in their entirety.

---

[5] *See* Opening Mem. 8-13.

[6] *See id.* at 14.

[7] *See id.* at 15.

[8] *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. No. 1:08CV00918, 2010 WL 1667285, at * 8 (M.D.N.C. Apr. 23, 2010) (citing cases, and noting that this principle has been "recognized" by "a large number of courts" in "a variety of different contexts").

[9] *See generally Csabai v. Martek Biosciences Corp.*, Civ. No. CCB-09-2280, 2009 WL 5206477 (D. Md. Dec. 23, 2009) ("*Csabai I*") [attached to Opening Mem. as Ex. A], *aff'd*, 385 Fed. Appx. 298 (4th Cir. 2010); *Dale v. Martek Biosciences Corp.*, Civ. No. CCB-09-3124, 2010 WL 3038951 (D. Md. July 30, 2010) [attached to Opening Mem. as Ex. B]; *Landsberger v. Martek*

### B. Plaintiffs' Claims are Barred by Limitations.

Plaintiffs' attempt to rescue their claims from the limitations bar[10] – the only substantive argument they purport to address in their 35-page opposition – is riddled with similar deficiencies. Plaintiffs *embrace* the fact that the vast majority of their claims fall outside of the five-year statute of repose (as this Court has already concluded),[11] alleging that Martek misrepresented its "core realities of 5 to 10 years ago,"[12] that their claims are "centered" on disclosures relating to "the last quarter of 2002 to the first quarter of 2005,"[13] and that Martek's alleged fraud "well exceeds any 2 and 5 year statute of fraud limitations period."[14] Instead, Plaintiffs claim that Martek is engaged in a "continued cover up" of these otherwise time-barred disclosures,[15] and that they could not have otherwise learned of Martek's alleged fraud until its more "recent disclosures."[16] Neither of these contentions is sufficient to overcome the statute of repose.

---

*Biosciences Corp.*, Civ. No. CCB-09-3389, 2010 WL 3086317 (D. Md. July 30, 2010) [attached to Opening Mem. as Exhibit C].

[10] *See* 28 U.S.C. § 1658(b) (setting forth 2-year statute of limitations and 5-year statute of repose for private claims under the Securities Exchange Act).

[11] *See* Opening Mem. 13-14 & n.55 (citing *Dale*, 2010 WL 3038951, at *3 & n.4, *Csabai I*, 2009 WL 5206477, at *2 n.6, and *Landsberger*, 2010 WL 3086317, at *3).

[12] Opp. 4.

[13] *Id.*; *see also id.* at 5 (Martek "went on a 3 year very aggressive fraud campaign" from "late 2002 through late 2005"), 7-8 (the "exceptional growth from 2002 to 2005" was "an artificial manipulation and the end of Martek mega growth"), and 10 (Martek "concealed material failures, barriers and problems from 1998").

[14] *Id.* at 27. Plaintiffs also proceed to set forth a "list of material frauds" which identifies no less than 7 alleged fraudulent disclosures occurring more than five years prior to the February 4, 2011 filing of the instant Complaint. *See id.* at 12-23.

[15] *Id.* at 7; *see also id.* at 23-24 ("Information discovered late 2008 through 2011 exposed the accurate commercial scenarios, fraudulent concealment by defendant[s] of the most basic/essential core Martek investment issues which were never [previously] disclosed….").

[16] *Id.* at 8.

First, it is well-settled that "[t]here can be no recovery for reliance on representations made prior to the five-year statute of limitations period under a theory of continuing wrong."[17] Accordingly, to the extent Plaintiffs claim that Martek's failure to correct allegedly false prior disclosures makes their claims timely, these claims must fail.[18] Second, Plaintiffs' inability to "discover" Martek's alleged fraud until only recently is also deficient, because the Supreme Court has repeatedly held that the outer limitations period for private securities claims was a "period of repose inconsistent with [the principle of equitable] tolling,"[19] and an "*unqualified bar* on actions instituted 5 years after such violation [of the securities laws]" providing "total repose" to defendants.[20]  In short, any claim based on fraud occurring prior to February 4, 2006[21] is barred by the statute of repose.

Otherwise, Plaintiffs generally complain that the Defendants "continue to conceal new material failures that are fraudulent acts in and of themselves," but those alleged "new material failures" are detailed neither in Plaintiffs' Complaint nor in their Opposition.[22]  And as the Court has already recognized, "most of the events" on which the Plaintiffs are suing "were matters of

---

[17] *In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615 F. Supp. 2d 1018, 1035 (N.D. Cal. 2009); *see also In re Affiliated Computer Sys. Derivative Litig.*, 540 F. Supp. 2d 695, 701 (N.D. Tex. 2007).

[18] *See In re Ditech Networks, Inc. Derivative Litig.*, No. C 06-5157 JF, 2007 WL 2070300, at *8 (N.D. Cal. July 26, 2007) (rejecting "a continuing wrong theory that would allow the revival of a time-barred claim under Section 10(b) upon the issuance of a further financial statement that failed to correct the prior false statement")).

[19] *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363-64 (1991) (dismissing federal securities claims as "untimely" under prior three-year statute of repose, because there was "no dispute that the earliest of plaintiff[s'] complaint was filed more than three years after [defendant's] alleged misrepresentations").

[20] *Merck & Co. v. Reynolds*, 130 S.Ct. 1784, 1797 (2010) (emphasis added).

[21] *See* Compl. [Dkt No. 1] (filed Feb. 4, 2011).

[22] *See* Opening Mem. 2; Compl. Ex. A (providing chronology of alleged Martek frauds that stops in 2008).

public record and occurred more than two years before [Plaintiff Dale] filed suit," and in any event were the subject of "repeated[] post[ings]" by Plaintiff Csabai "on a publicly accessible internet message board in 2006 and 2007."[23] In sum, the limitations period has run; Plaintiffs' claims should be dismissed.

## III.   CONCLUSION

Fundamentally, Plaintiffs' Complaint – like the six before it – is not a measured attempt to uncover the truth; it is a rambling and wide-ranging challenge to "everything over [Martek's] enter existence as a public company,"[24] alleging a conspiracy to enrich Martek's insiders that somehow involved not only Martek and its directors and officers, but also Bristol Myers/Mead Johnson, Abbott Laboratories/Ross, Wyeth, DSM, the plaintiffs' securities bar, and the equities analyst community.  Through the filing of their now seven complaints, Plaintiffs have failed to demonstrate that they will be able to assert viable claims for securities fraud against the Defendants.  Accordingly, Plaintiffs' frivolous claims against the Defendants should be dismissed with prejudice, or, in the alternative, the Court should enter summary judgment in favor of the Defendants.[25]

---

[23] *Dale*, 2010 WL 3038951, at *3; *see also Landsberger*, 2010 WL 3086317, at *4.

[24] Opp. 35.

[25] While Defendants acknowledge that Plaintiffs are *pro se* litigants whose filings, as this Court has recognized, "are held to less stringent standards than formal pleadings drafted by lawyers," *Dozier v. Potter*, Civ. No. CCB-06-2273, 2007 WL 2332320 (D. Md. July 20, 2007) (citation and internal quotation marks omitted), such leniency has its limits, *see, e.g.*, *Akinro v. Maher*, No. Civ.A. CCB-02-555, 2002 WL 32351373 (D. Md. Mar. 4, 2002) (dismissing *pro se* claims *sua sponte* upon "find[ing] them delusional and patently frivolous").  Neither Defendants nor the Court should be required to continue to expend resources to address claims that are plainly barred by *res judicata* or limitations, and Defendants are prepared to seek relief under Rule 11 should Plaintiffs persist in such conduct.  *See* Opening Mem. 16 n.63; *Cory v. Fahlstrom*, 2004 WL 3186242, at *3 (D. Kan. Dec. 8, 2004) (declining to award sanctions against *pro se* plaintiff who filed complaint barred by *res judicata*, but "warn[ing] plaintiff that any further actions against the defendants arising out of the [previous] cases will almost assuredly be concluded with an imposition of sanctions against him").

Dated: May 2, 2011

                Respectfully submitted,

                _____/s/_____

Mark D. Gately (Bar #00134)
Scott R. Haiber (Bar #25947)
Andrea W. Trento (Bar #28816)
HOGAN & HARTSON LLP
Harbor East
100 International Drive
Baltimore, MD  21202
Phone: (410) 659-2700
Facsimile: (410) 659-2701

*Attorneys for Defendants Martek Biosciences Corp., Henry Linsert, Jr., Peter L. Buzy, Steve Dubin, Robert J. Flanagan, and DSM North America*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

|  |  |
|---|---|
| **FERENC K. CSABAI,** *et al.*,  )<br>  )<br>         **Plaintiffs,**  )<br>  )<br>    v.  )<br>  )<br>**MARTEK BIOSCIENCES CORP.,** *et al.*,  )<br>  )<br>         **Defendants.**  )<br>_____ ) | **CIVIL ACTION NO.**<br><br>**CCB-11-CV-0316** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2011, true and correct copies of the Reply Memorandum in Support of Defendants' Motion to Dismiss or, in the Alternative, for the Entry of Summary Judgment (the "Defendants' Motion"), were filed in the above-captioned matter via ECF, and were served by First Class Mail on the following Plaintiffs:

| | | |
|---|---|---|
| Ferenc K. Csabai<br>53 Elm Street<br>Wharton, NJ 07885<br><br>John D. Miles<br>279 Mt. Hope Ave.<br>Dover, NJ 07801<br><br>Margaret Miles<br>279 Mt. Hope Ave.<br>Dover, NJ 07801 | Curtis J. Landsberger<br>166 Hope Road<br>Blairstown, NJ 07825<br><br>Anna Dale<br>1644 Woods Lane<br>Denver, NC 28037 | Michael Scardigno<br>275 Route 10 East<br>Suite 220-310<br>Succasunna, NJ 07876<br><br>David Smith<br>389 Rt. 46 East<br>Budd Lake, NJ 07828 |

                                                                /s/
                                                       Mark D. Gately

1