# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FERENC K. CSABAI, et al.       :
                               :
                               :
     v.                        :     Civil No. CCB-11-316
                               :
                               :
MARTEK BIOSCIENCES             :
CORPORATION, et al.            :
                               :

## MEMORANDUM

Ferenc Csabai, representing himself and six other plaintiffs,[1] has filed the present action against Martek Biosciences Corporation ("Martek"), four past or present officers and members of Martek's Board of Directors (collectively the "individual defendants"),[2] and DSM North America alleging that the defendants fraudulently misrepresented nearly every aspect of Martek to the public equity market from 1998 through 2011. Now pending before the court is the defendants' motion to dismiss or, in the alternative, for summary judgment. The motion has been fully briefed and no oral argument is necessary. For the following reasons, the defendants' motion will be granted.

## BACKGROUND

This lawsuit, filed on February 4, 2011, represents the seventh filed by one or more of the plaintiffs alleging that Martek and individual Martek directors and officers fraudulently misrepresented nearly every aspect of the company's performance. Three of these actions were

---

[1] The additional plaintiffs include John Miles, Margaret Miles, Curtis Landsberger, Anna Dale, Michael Scardigno, and David Smith.

[2] The individual defendants include Henry Linsert, Jr., Peter L. Buzy, Steve Dubin, and Robert J. Flanagan.

1

dismissed for failure to effect service of process.³ In the three remaining actions, this court granted summary judgment for the defendants on statute of limitations grounds and for failure to adequately plead securities fraud.⁴ The current complaint makes many of the same claims alleged in the actions previously dismissed by this court, including that Martek (1) made material misstatements relating to a 2003 Hexane pollution problem at Martek's Winchester, Kentucky plant, (2) committed fraud relating to the April 2002 purchase of OmegaTech, and (3) intentionally inflated its revenue figures from 2002-2005. Although it is difficult to discern from the complaint, the plaintiffs now appear to allege that Martek's fraudulent scheme was "long-term," beginning with Martek's initial public offering in 1993 and ending with the January 2011 acquisition of Martek by DSM North America as "phase 3 of the illegal insider payment plan" designed to defraud Martek public market investors. (Compl. at 2-3; 11.)

On March 29, 2011, the defendants filed a motion to dismiss or, in the alternative, for summary judgment on several grounds, including that the complaint is barred by res judicata and by the applicable five-year statute of repose and two-year statute of limitations. The plaintiffs have opposed the motion.

## ANALYSIS

Where, as in this case, materials outside the pleadings are proffered by the parties and relied on by the court, a motion under Rule 12(b)(6) may be converted into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F.3d

---

³ *See Smith v. Martek Biosciences Corp.*, No. 09-2623 (D. Md. Mar. 22, 2010), ECF No. 21; *Scardigno v. Martek Biosciences Corp.*, No. 09-2716 (D. Md. Mar. 22, 2010), ECF No. 21; *Miles v. Martek Biosciences Corp.*, No. 09-3043 (D. Md. Mar. 16, 2010), ECF No. 17.

⁴ *See Dale v. Martek Biosciences Corp.*, No. 09-3124, 2010 WL 3038951 (D. Md. July 30, 2010); *Landsberger v. Martek Biosciences Corp.*, No. 09-3389, 2010 WL 3086317 (D.Md. July 30, 2010); *Csabai v. Martek Biosciences Corp.*, No. 09-2280, 2009 WL 5206477 (D. Md. Dec. 23, 2009).

940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003). The parties, however, must be provided with notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment, which can be satisfied when a party is "aware that material outside the pleadings is before the court." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious"). In this case, the plaintiffs were on notice and attached numerous documents to their response. Accordingly, the court will treat the defendants' motion as one for summary judgment.

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses'

credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### A. Res Judicata

The defendants argue that the plaintiffs' claims are barred by the doctrine of res judicata. Res judicata operates to "bar [ ] a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). Its purposes are both equitable and practical: to protect litigants from the burden of relitigating identical issues, and to "promote judicial economy by preventing needless litigation." *Id.* at 162 (internal alteration omitted) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Because all of the plaintiffs' previous lawsuits were federal court matters in this district court, the preclusive effect of res judicata on the claims raised in those suits is determined by federal law. *See Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003).

Under federal law, an earlier claim bars a later one when: "1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claim[ ] in the second matter [is] based upon the same cause of action involved in the earlier proceeding." *Id.* (alterations in original) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). These elements are met with respect to three plaintiffs, Mr. Csabai, Ms. Dale,

4

and Mr. Landsberger.[5]

First, this court's dismissal of Mr. Csabai's lawsuit in 2009, and Ms. Dale's and Mr. Landsberger's separate lawsuits in 2010, was an adjudication on the merits, rendered by a court of competent jurisdiction in accordance with the requirements of due process. Under Rule 41(b) of the Federal Rules of Civil Procedure, unless otherwise stated, a dismissal other than one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates as an adjudication on the merits. Fed. R. Civ. P. 41(b); *see also Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 319 (4th Cir. 2002). This court dismissed Mr. Csabai's lawsuit on statute of limitations grounds, concluding that his claims were barred by both the five-year statute of repose and the two-year statute of limitations. *See Csabai v. Martek Biosciences Corp.*, No. 09-2280, 2009 WL 5206477 (D. Md. Dec. 23, 2009), *aff'd*, 385 Fed. Appx. 298 (4th Cir. June 24, 2010). Less than a year later, Ms. Dale's lawsuit was dismissed for the same reason. *See Dale v. Martek Biosciences Corp.*, No. 09-3124, 2010 WL 3038951 (D. Md. July 30, 2010). Mr. Landsberger's lawsuit was dismissed both on statute of limitations grounds and for failure to state a plausible securities fraud claim. *See Landsberger v. Martek Biosciences Corp.*, No. 09-3389, 2010 WL 3086317 (D.Md. July 30, 2010). These dismissals all qualify as adjudications on the merits.

Second, the parties in the actions are the same. Mr. Csabai, Ms. Dale, and Mr. Landsberger were plaintiffs in separate cases that all named Martek, Mr. Linsert, Mr. Buzy, and Mr. Flanagan as defendants. Although the plaintiffs have added two new defendants to this

---

[5] The defendants argue that res judicata should bar the claims all of the plaintiffs. Because the previous lawsuits brought by Mr. and Ms. Miles, Mr. Scardigno, and Mr. Smith were dismissed for failure to effect service of process, there was no final adjudication on the merits. These plaintiffs' claims will be dismissed on statute of limitations grounds, as will be discussed below.

5

action, Mr. Dubin and DSM North America, a plaintiff "cannot avoid the bar of *res judicata* by bringing in additional [defendants]." *Bedrock Servs. v. Int'l Bhd. of Elec. Workers Local Union Nos. 238, 342, & 495*, 285 F. Supp. 2d. 693, 699 (W.D.N.C. 2003) (alteration in original) (quoting *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001)).

Finally, the plaintiffs' current claims are based on the same cause of action at issue in their respective prior lawsuits. The res judicata requirement that the current claims be based on the same cause of action at issue in the prior action is met if "'the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Bouchat v. Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315, 327 (4th Cir. 2007) (quoting *Meekins v. United Transp. Union*, 946 F.2d 1054, 1058 (4th Cir. 1991)). The Fourth Circuit has recognized the word "transaction" in the claim preclusion context to mean:

> a natural grouping or common nucleus of operative facts. Among the factors to be considered in deciding whether the facts of the current and prior claims are so woven together that they constitute a single claim are the relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.

*Id.* (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). Here, the exact same facts that formed the basis of the plaintiffs' prior lawsuits form the basis of this lawsuit. Although the plaintiffs allege that the January 2011 acquisition of Martek by DSM North America marked the "third phase" of the defendants' fraudulent scheme, that fraudulent scheme was the subject of the plaintiffs' prior suits. Accordingly, summary judgment will be granted on the claims brought by Mr. Csabai, Ms. Dale, and Mr. Landsberger.

### B. Statute of Limitations

Claims of federal securities fraud are governed by the statute of limitations set forth in 28 U.S.C. § 1658(b).[6] The five-year statute of repose in § 1658(b)(2) bars all of the plaintiffs' claims as to any misrepresentations or other alleged illegal acts that occurred prior to February 4, 2006, five years before the complaint was filed. Moreover, the two-year statute of limitations period in § 1658(b)(1) begins to run when the facts constituting the violation are actually discovered by the plaintiff, or would have been discovered by "a reasonably diligent plaintiff." *Merck & Co., Inc. v. Reynolds*, -- U.S. ----, 130 S. Ct. 1784, 1798 (2010).

It appears that the majority of the fraudulent acts alleged by the plaintiffs are barred by the five-year statute of repose. As this court has previously held, this includes alleged fraud related to the purchase of OmegaTech in 2002, material misstatements relating to a 2003 Hexane pollution problem at Martek's Winchester, Kentucky plant, and any intentional inflation of Martek's revenue figures from 2002-2005. *See Dale*, No. 09-3124, 2010 WL 3038951, at *3. The plaintiffs' remaining claims, which appear to allege fraudulent acts through 2008, at the latest, are barred by the two-year statute of limitations. A reasonably diligent plaintiff would have known of the facts forming the basis of this lawsuit by February 4, 2009, two years before the plaintiffs filed this suit. *See Reynolds*, -- U.S. ----, 130 S. Ct. at 1794 (citing 2 Corman § 11.1.1, at 134). Indeed, three of the seven plaintiffs in this case, Mr. Csabai, Ms. Dale, and Mr.

---

[6] Section 1658(b) provides that:

> [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of—
>
> (1) 2 years after the discovery of the facts constituting violation; or
>
> (2) 5 years after such violation.

Landsberger, had filed cases concerning Martek's alleged securities fraud prior to February 4, 2009. Moreover, most of the events alleged in the plaintiffs' complaint were matters of public record well before February 4, 2009, and occurred more than four years before they filed this lawsuit. For example, a class action was filed in this District in 2005 that involved similar allegations of fraud on the part of Martek. *See In re Martek Biosciences Corp. Securities Litigation*, No. 05-1224 (D. Md. filed May 4, 2005). The plaintiffs also acknowledge in their complaint that in July 2007, the Fourth Circuit issued an opinion which involved allegations that Martek had been engaged in fraudulent activities for years. (*See* Pls.' Compl. Ex. A. at 20.) As this court noted in the plaintiffs' prior cases, Mr. Csabai also "repeatedly posted his allegations regarding fraud at Martek on a publicly accessible internet message board in 2006 and 2007." *Dale*, No. 09-3124, 2010 WL 3038951, at *3.

Finally, the two-year statute of limitations may not be tolled simply because the plaintiffs allege that Martek's fraudulent scheme was on-going and culminated with the January 2011 acquisition of the company by DSM North America. The statute of limitations also may not be tolled because Martek's fraudulent scheme could not be definitively proven until it released its 2009 and 2010 form 10-K reports, as the plaintiffs allege. (Pls.' Opp'n at 8.) A plaintiff need not have complete exposure to the alleged fraud for the statute of limitations clock to begin ticking. Rather, the claims are barred if a reasonably diligent plaintiff would have known of the facts constituting the violation before February 4, 2009. *See Reynolds*, -- U.S. ----, 130 S. Ct. at 1798.

The plaintiffs' complaint is time-barred, and the defendants are entitled to summary judgment.[7]

A separate Order follows.

<u>May 12, 2011</u>                        <u>       /s/       </u>
Date                                       Catherine C. Blake
                                           United States District Judge

---

[7] The court also notes that the plaintiffs' complaint fails for other reasons as well, including failure to sufficiently plead the elements of a private securities fraud claim.